UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-61091-LEIBOWITZ/AUGUSTIN-BIRCH

MARTHA CHAVARRIA,

    Plaintiff,

v.

MIAMI MANAGEMENT, INC. and FYVE
FLORIDA, LLC,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR TAXATION OF COSTS AND MOTION FOR TAXATION OF ATTORNEY'S FEES**

This cause comes before the Court on Plaintiff Martha Chavarria's Motion for Taxation of Costs and Motion for Taxation of Attorney's Fees. DE 55; DE 56. The Honorable David S. Leibowitz, United States District Judge, referred both Motions to the undersigned United States Magistrate Judge for a report and recommendation. DE 57. Defendant Fyve Florida, LLC, a defaulted Defendant, did not respond to either Motion, and the time for it to do so has passed. Having carefully considered the record and the Motions and being otherwise fully advised in the premises, the Court **RECOMMENDS GRANTING** Plaintiff's Motion for Taxation of Costs [DE 55] and **GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Taxation of Attorney's Fees [DE 56].

**I. Background**

Plaintiff sued Defendant Fyve, among other Defendants, alleging improper debt collection practices and violations of the Florida Consumer Collection Practices Act ("FCCPA"). DE 23. Despite receiving service of process, DE 24, Defendant Fyve did not respond to Plaintiff's Second Amended Complaint. As a result, Plaintiff moved for, and obtained, a clerk's entry of default. DE

32; DE 33. Plaintiff thereafter moved for, and obtained, a default judgment against Defendant Fyve. DE 47; DE 50; DE 51. Now, Plaintiff seeks to recover attorney's fees and tax costs against Defendant Fyve pursuant to the FCCPA with her present Motion for Taxation of Costs and Motion for Taxation of Attorney's Fees. DE 55; DE 56.

## II. Analysis

The FCCPA permits a prevailing plaintiff to recover court costs and reasonable attorney's fees from a debt collector who violates its provisions. *See* § 559.77, Fla. Stat. ("Any person who fails to comply with any provision of s. 559.72 is liable for . . . court costs and reasonable attorney's fees incurred by the plaintiff."); *Bianchi v. Bronson & Migliaccio, LLP*, No. 09-61164-CIV, 2011 WL 379115, at *2 (S.D. Fla. Feb. 2, 2011) ("A prevailing plaintiff in an . . . FCCPA suit is entitled to recover attorney's fees and costs . . . ."), *report and recommendation adopted*, No. 09-61164, 2011 WL 13173770 (S.D. Fla. Feb. 18, 2011). Since Plaintiff prevailed on her FCCPA count against Defendant Fyve, DE 50; DE 51, Plaintiff is entitled to reasonable attorney's fees and costs. *See also* DE 50 at 5 ("Having brought a successful action to enforce liability under the FCCPA, Plaintiff is entitled to reasonable costs and attorney's fees."). The Court will address Plaintiff's reasonable attorney's fees and costs in turn.

## III. Reasonable Attorney's Fees

To determine reasonable attorney's fees, courts must employ the "lodestar" method. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The first step of the lodestar method is determining a reasonable rate. *Id.* "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* The attorney moving to receive his or her fees bears the burden of justifying the reasonableness of the requested rate. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("In seeking some basis for a standard, courts properly

have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."). Moreover, courts are considered experts on the matter of reasonable hourly rates for attorneys and may rely on their own knowledge and experience when determining a reasonable hourly rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1303).

### A. Reasonable Hourly Rate

Plaintiff seeks to recover attorney's fees for Attorney Kevin Rajabalee, who billed at an hourly rate of $400 for this matter. DE 56 at 5; DE 56-3. Attorney Rajabalee has close to ten years of experience, DE 56-2 ¶ 2, and the Court finds that an hourly rate of $400 is reasonable for Attorney Rajabalee. *See Elie Neufeld, LLC v. Edward Wolf & Assocs., LLC*, No. 22-23204-CIV, 2023 WL 4471606, at *5 (S.D. Fla. June 23, 2023) (finding $400 hourly rate reasonable in FCCPA case for attorney with ten years of experience), *report and recommendation adopted*, No. 22-23204-CIV, 2023 WL 4457884 (S.D. Fla. July 11, 2023).

### B. Hours Reasonably Expended

After determining a reasonable hourly rate, the second step of the "lodestar" method is to arrive at the total hours reasonably expended. *Norman*, 836 F.2d at 1301. Litigants are required to exercise billing judgment and are to exclude excessive, redundant, or otherwise unnecessary hours from their billing affidavits. *See id.* Ultimately, when reviewing fee applications, courts "need not, and indeed should not, become green-eyeshade accountants," as the goal is to "do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Attorney Rajabalee expended 15.4 hours on this matter. DE 56-3. After reviewing Attorney Rajabalee's billing records, the Court determines that 15.4 hours are excessive given Florida's prohibition on "fees on fees." Under Florida law, a litigant may recover fees incurred for litigating entitlement to attorney's fees, but a litigant cannot recover fees resulting from litigating the amount of attorney's fees—colloquially referred to as "fees on fees." *See McMahan v. Toto*, 311 F.3d 1077, 1085 (11th Cir. 2002) ("The Florida Supreme Court has held that, while attorney's fees incurred for litigating the issue of entitlement to attorney's fees are recoverable, fees incurred for litigating the amount of attorney's fees are not."); *Chavez v. Mercantil Commercebank, N.A.*, No. 10-23244-CIV, 2015 WL 136388, at *5 (S.D. Fla. Jan. 9, 2015) ("Under Florida law that governs this case, those 'fees on fees' are not recoverable.").

This Court has previously concluded that Florida's prohibition on fees on fees applies to FCCPA cases. *See Roberto v. Addison Place Apartments Prop. Owner LLC*, No. 0:23-CV-61579, 2025 WL 554250, at *7 (S.D. Fla. Feb. 11, 2025) ("Absent any binding authority permitting fees on fees in FCCPA cases, the Court does not recommend awarding Plaintiff fees on fees."), *report and recommendation adopted*, No. 23-61579-CIV, 2025 WL 560945 (S.D. Fla. Feb. 20, 2025). As such, the Court does not recommend awarding Plaintiff any attorney's fees for Attorney Rajabalee's efforts to litigate the amount of attorney's fees. Because Judge Leibowitz determined Plaintiff's entitlement to attorney's fees in an April 8 Order, *see* DE 50 at 5, the Court finds the following efforts by Attorney Rajabalee to constitute unrecoverable efforts to litigate the amount of attorney's fees:

1. .3 hours on 4/23/25 to "Prepare materials for fee expert";
2. .1 hours on 4/23/25 to email "Potential Fee expert";
3. .2 hours on 4/23/25 to call "fee expert-oral surgery scheduled-more time needed";

4. .5 hours on 4/23/25 to draft "MFET to submit motion for attorney's fees and supporting affidavits";[1]

5. .1 hours on 4/23/25 to email "Aaron Swift as potential expert";

6. .1 hours on 4/24/25 to email "expert re: materials needed and fee agreement";

7. .6 hours on 4/29/25 to review "Materials for Expert";

8. .3 hours on 4/30/25 to review court file "DEs to snip and send images to fee expert";

9. 1.9 hours on 5/7/25 to draft "Motion for Fees – FCCPA vs. FYVE";

10. .5 hours on 5/8/25 to draft "Edits to fee motion; exhibits."

*See* DE 56-3 at 2–3. Accordingly, the Court finds 10.8 hours by Attorney Rajabalee to be reasonable after deducting 4.6 hours from Attorney Rajabalee's total hours (15.4 – 4.6 = 10.8).

## C. Lodestar Calculation

Finding that $400 is a reasonable hourly rate for Attorney Rajabalee and that Attorney Rajabalee reasonably expended 10.8 hours on this matter, the Court recommends awarding Plaintiff $4,320 in attorney's fees ($400 x 10.8 = $4,320).

## IV. Costs

Plaintiff seeks to tax $263 in costs, and she breaks down her costs as follows: (1) $135 filing fee, calculated by dividing the $405 filing fee by the three Defendants in the case, and (2) $128 service costs for serving three items on Defendant Fyve. DE 55 at 3; DE 55-2. Both of these costs are taxable. *See Sunline USA LLC v. ProGroup Int'l Corp.*, No. 22-CV-23062-JB, 2024 WL 3053917, at *4 (S.D. Fla. Apr. 1, 2024) ("Fees of the clerk and marshal include filing fees and are clearly taxable." (quotation marks omitted)); *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645,

---

[1] The Court also notes that time spent to obtain an extension of time is generally not recoverable either. *See Danow v. L. Off. of David E. Borback, P.A.*, 634 F. Supp. 2d 1337, 1344 (S.D. Fla. 2009) ("[T]he Court finds that plaintiff should not be compensated for time spent preparing motions for extensions of time . . . ."); *Keefe v. Britt's Bow Wow Boutique, Inc.*, No. 0:22-CV-62138, 2024 WL 1286139, at *8 (S.D. Fla. Mar. 11, 2024) ("It is unreasonable to require Defendants to pay the bills associated with extensions that Plaintiff and her counsel needed."), *report and recommendation approved*, No. 22-62138-CIV, 2024 WL 1285203 (S.D. Fla. Mar. 26, 2024).

649 (S.D. Fla. 2007) ("This Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. § 1921, authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's service effectuate service." (footnote omitted)); 28 C.F.R. § 0.114 (setting cost of U.S. Marshal service at $65 per item served). Accordingly, the Court recommends awarding Plaintiff $263 in costs.

## V. Recommendation

For the foregoing reasons, the Court **RECOMMENDS GRANTING** Plaintiff's Motion for Taxation of Costs [DE 55] and **GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Taxation of Attorney's Fees [DE 56]. The Court recommends awarding Plaintiff $4,320 in attorney's fees and $263 in costs for a total of $4,583.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 23rd day of July, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE